**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
AMAURYS HERNANDEZ,                          :    23-CV-7775 (JSR) (OTW)
:    19 CR-323-6 (JSR)
              Petitioner,       :
:
      -against-                            :    **REPORT & RECOMMENDATION TO**
:    **THE HONORABLE JED S. RAKOFF**
UNITED STATES OF AMERICA,              :
:
              Respondent.      :
:
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

I. **Introduction**

On February 18, 2020, Petitioner Amaurys Hernandez pleaded guilty to Counts One, Two, and Four of the Superseding Indictment, specifically: participating in a conspiracy to commit Hobbs Act robbery (Count One); attempted Hobbs Act robbery (Count Two); and use, carrying, and possession of a firearm in furtherance of both the attempted Hobbs Act robbery and a drug trafficking crime charged in Count Three (Count Four).  (ECF Nos. 45, 187-1).[1]  This last charge carried a statutory mandatory minimum consecutive sentence of 60 months.  The plea agreement set forth a stipulated guidelines range of 63 to 78 months for Counts One and Two, for a total stipulated guidelines range of 123 to 138 months' imprisonment, based on an Offense Level of 20 and a Criminal History ("CH") Category of V.  (ECF 187 at 4).  On October 15, 2020, Petitioner was sentenced to a prison term of 100 months, recorded as a 40-month term

---

[1] ECF references in this Report and Recommendation are to the criminal case docket, *United States v. Hernandez*, 19-CR-323-6 (JSR).

on Counts One and Two and a mandatory consecutive 60-month term on Count Four, based on an offense level of 20 and a CH Category of V.  (ECF 144 at 13:18–21, 2:23–3:3).  Petitioner, proceeding *pro se*, filed this motion under 28 U.S.C. § 2255, seeking to vacate or correct his sentence.  (ECF 167).

Petitioner challenges his sentence on the ground that *United States v. Taylor*, 596 U.S. 845 (2022) found that attempted Hobbs Act robbery was not a crime of violence under 18 U.S.C. § 924(c) and, thus, applied retroactively, would result in his legal innocence of the charge and negate his 60-month consecutive sentence on Count Four.[2]

For the reasons set forth below, I respectfully recommend that Petitioner's Section 2255 petition be denied.

II.   **Background and Procedural History**

A.   **Petitioner's Offense Conduct and Guilty Plea**

On October 21, 2019, Petitioner was charged in a five-count Superseding Indictment (ECF 45), as follows:

(1) Count One: Conspiracy to Commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951;

---

[2] Although the actual innocence exception is available to procedurally defaulted cases, even where the applicant cannot show cause for the default, it does not apply to Petitioner here with respect to Count Four.  *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992); *Smith v. Murray*, 477 U.S. 527, 537 (1986); *Jimenez v. Stanford*, 96 F.4th 164, 184–85 (2d Cir. 2024); *Hyman v Brown*, 927 F.3d 639, 656 (2d Cir. 2019).  "Actual innocence" means factual innocence, not mere legal insufficiency.  *Sweet v. Bennett*, 353 F.3d 135, 142 (2d Cir. 2003) citing *Bousley v. United States,* 523 U.S. 614, 623–24 (1998).  To establish actual innocence, the petitioner must demonstrate that, in light of all the evidence, it is more likely than not that "any reasonable juror would have reasonable doubt."  *Hyman v. Brown*, 927 F.3d 639, 657 (2d Cir. 2019) citing *House v. Bell*, 547 U.S. 518, 538 (2006).  Where petitioner, as here, has been charged with use of a firearm in connection with a crime of violence, and, critically, in connection with a drug crime, in violation of 18 U.S.C. § 924(c), the petitioner must demonstrate that, as a factual matter, he did not use a firearm within the meaning of the statute.  *See, e.g.*, *Bousley*, 523 U.S. at 624.  Petitioner's uncontroverted admission (ECF 85 at 14:6–9) precludes such demonstration.

    (2) Count Two: Attempted Hobbs Act Robbery, in violation of
18 U.S.C. §§ 1951–52;

    (3) Count Three: Narcotics Conspiracy, in violation of
21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846;

    (4) Count Four: Use of a Firearm, during and in relation to a crime of violence and a drug trafficking crime, in violation of
18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(2); and

    (5) Count Five: Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1).

(ECF 45). On February 18, 2020, Petitioner pleaded guilty, pursuant to a plea agreement to Counts One, Two, and Four. (ECF 85 at 16:5–21). Petitioner was informed—in the plea agreement and then again during his plea allocution—of the statutory maximum sentences and also certain mandatory sentences, including a mandatory consecutive term of imprisonment of 60 months for pleading guilty to Count Four (the "924(c) count"). (ECF Nos. 187-1, 85 at 9:3–11:10). The plea agreement calculated a Sentencing Guidelines range of 123 to 138 months, and Petitioner's plea agreement confirmed that he agreed not to appeal any sentence of 138 months or less. (ECF 187-1 at 5).

    During his plea allocution, Petitioner stated that he understood that he would be waiving certain rights by pleading guilty. (ECF 85 at 6:24–8:17). In the plea agreement and at the plea allocution, Petitioner waived his right to appeal or collaterally challenge a sentence less than or equal to the stipulated guidelines range of 123 to 138 months' imprisonment. (ECF Nos. 187-1 at 4–5, 85 at 12:22–13:1). He also acknowledged that he understood that the sentencing determination made by the Court might diverge from what was in the plea agreement. (ECF 187-1 at 4–5, 85 at 11:1–12:21). On February 18, 2020, Petitioner pleaded

guilty to Counts One, Two and Four pursuant to a plea agreement dated January 26, 2020. (ECF 85 at 16:5–21). At his allocution, Petitioner admitted: "In April 2019, I agreed with other people to rob a drug dealer. On April 18, 2019, I brought a gun to a spot in the Bronx to try to rob the drug dealer with other people." (ECF 85 at 14:6–9). Petitioner's plea was accepted.

### B. The Sentencing Proceeding

In the original Presentence Report ("PSR") (ECF 100), the Probation Department calculated Petitioner's Offense Level at 20, and CH at V, which led to a Guidelines sentencing range of 123 to 138 months' imprisonment, consistent with the level calculated in the plea agreement. (ECF Nos. 100 at 10–15, 187-1 at 2–4). Petitioner had an opportunity to correct factual allegations in the PSR pertaining to Count Four, yet his own sentencing submission does not address the matter. (ECF 131). At Petitioner's sentencing hearing on October 15, 2020, counsel requested a 63-month sentence. (ECF 144 at 4:14). The Court considered the sentencing submissions and the PSR, as well as defense counsel's arguments at sentencing and Petitioner's own statements. Petitioner was ultimately sentenced to 100 months, recorded as 40 months on Counts One and Two and a mandatory consecutive 60 months on Count Four. (ECF 144 at 13:18–21). Judgment was entered on October 16, 2020. (ECF 141).

The November 1, 2023 Guidelines Manual amended the calculations for criminal history and offense level, which were made retroactive pursuant to § 1B1.10. The Government issued a Supplemental Presentence Report in December 2023. (ECF 176). The recalculation reduced Petitioner's CH to IV instead of V, resulting in a reduction in the Guidelines sentencing range, from 123 to 138, to 111 to 123 months. Because Petitioner had previously been sentenced below the amended Guidelines range, he was precluded from a sentence reduction under the

2023 Guidelines.

### C. Procedural History

Petitioner filed his motion to vacate under 28 U.S.C. § 2255 on August 21, 2023. (ECF 167). On September 13, 2023, I issued an order directing Petitioner to show cause why his petition was not time-barred, to which Petitioner timely filed a declaration asserting that the Supreme Court's June 21, 2022 decision in *Taylor* made him "actually innocent" of the 924(c) count. (*See* ECF Nos. 168, 170 at 2). Petitioner further asserted that he had limited-to-no access to a law library for a period of almost nine months in 2022, due to being housed in a Special Housing Unit, being transferred, and then being quarantined. (ECF 170 at 3, 5). Additionally, Petitioner noted that he had had limited education in the Dominican Republic, that he was indigent, and that he had "just recently became aware through fellow prisoners" of the *Taylor* decision. *Id.* at 2. I then directed the Government to respond, and directed Petitioner to further address whether he was entitled to equitable tolling in connection with *Taylor* (ECF 186), and also whether *Taylor* compelled a finding that Petitioner was "actually innocent" of Count Four (ECF 188). Because Petitioner also requested an opportunity to address other arguments beyond equitable tolling, I directed him to file any additional arguments by July 26, 2024. (ECF 190). Petitioner filed a final response, dated July 8, 2024, docketed on July 18, 2024, in which he asserts that his waiver of his right to an appeal should not be enforced. (ECF 191).

III. <u>Analysis</u>

A. Timeliness[3]

Petitioner's claims may be time barred. As relevant here, a Section 2255 petition must be filed within one year of the latest of:

(1) the date on which the judgment of conviction becomes final; [or] . . .

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

28 U.S.C. §§ 2255(f)(1) and (f)(3). Judgment was entered on October 16, 2020. (ECF 141). Petitioner's conviction became final on October 30, 2020. (ECF 141); Fed. R. App. P. 4(b) (requiring notice of appeal be filed within fourteen days); *see Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). Thus, under section 2255(f)(1), Petitioner's deadline for filing his Section 2255 motion was October 30, 2021.

*Taylor* was decided on June 21, 2022. Thus, if *Taylor* were applied retroactively,[4] under 28 U.S.C. § 2255(f)(3), Petitioner's Section 2255 motion should have been filed no later than June 21, 2023. Petitioner's Section 2255 motion was mailed on July 26, 2023, more than one month after the later deadline under 28 U.S.C. § 2255(f)(3).

Petitioner has also not shown that he is entitled to equitable tolling. Under

---

[3] "[T]he one year deadline the AEDPA imposed on the filing of section 2255 petitions . . . established a statute of limitations and is not a jurisdictional bar." *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001). Accordingly, courts are permitted but "under no obligation to raise the time bar *sua sponte*." *Day v. McDonough*, 547 U.S. 198, 205, 209 (2006).

[4] Neither the Second Circuit nor the Supreme Court have decided whether *Taylor* applies retroactively, but we need not reach that issue here, because I find that Petitioner's claim under *Taylor* is time-barred even if applied retroactively. *See* ECF 187 at n. 3.

6

*Hizbullahankhamon v. Walker*, a petitioner must show the existence of "extraordinary circumstances" to prevent timely filing of a Section 2255 petition. 255 F.3d 65, 75 (2d Cir. 2001), *cert. denied*, 536 U.S. 925 (2002). Petitioner here raises lack of education, difficulty understanding English, inability to afford counsel, and inconsistent access to the prison law library. Respondent has cited numerous cases in this Circuit that have found that these circumstances, while regrettable, do not demonstrate the extraordinary circumstances to warrant equitable tolling. *See, e.g.*, *Huang v. United States*, 03-CV-3755 (RPP), 2003 WL 22272584 (S.D.N.Y. Oct. 2, 2023); *German v. United States*, 209 F.Supp.2d 288 (S.D.N.Y. 2002) (ECF 187 at 5–6).

### B. The Merits of Petitioner's Claim Under *Taylor*

Even if the claim were not time-barred, however, Petitioner has not shown that he is entitled to relief. First, at the plea allocution, Petitioner knowingly waived the right to appeal or attack his sentence if he were sentenced to 138 months or less. (ECF Nos. 85 at 12:22–13:1, 187 at 2). Second, even if *Taylor* applied, Petitioner was also charged with and admitted to bringing a gun for a drug crime, specifically, "to try to rob the drug dealer with other people." (ECF 85 at 14:4–9). As the Government made clear at the plea allocution, at sentencing, and argues again now, Petitioner's guilty plea on Count Four involved two predicates, where even only one valid predicate would be enough to sustain a conviction: a crime of violence (Counts One and Two) and a drug trafficking crime (Count Three). Petitioner has not challenged—nor could he—that he agreed with others to rob a drug dealer, which satisfies the predicate that the gun charge be "in relation to any . . . drug trafficking crime." 18 U.S.C. § 924(c)(1); see also *Stone v. United States*, 37 F.4th 825, 831 (2d Cir. 2022) ("Accordingly, in the context of a

7

§ 924(c) conviction, where a jury's finding of guilt is based on two predicates, only one of which can lawfully sustain guilt, we will find the error harmless when the jury would have found the essential elements of guilt on the alternative charged predicate that would sustain a lawful conviction beyond a reasonable doubt.") (internal quotations omitted).

### C. Petitioner's Appeal Waiver Is Enforceable

In his reply, Petitioner argues that his waiver of his right to an appeal should not be enforceable, because: (1) it was not knowing and voluntary; (2) it was based on constitutionally impermissible factors; and (3) he did not plead guilty to a predicate on which Count Four can now lawfully be based. (ECF 191).

Petitioner's plea was knowing and voluntary, and a later decision in *Taylor* has no effect on whether Petitioner's plea and the appeal waiver were knowing and voluntary at the time they were made. There is also no support for the assertion that Petitioner's plea was based on "constitutionally impermissible factors," such as ethnic, racial, or other prohibited biases. *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) ("In some cases, a defendant may have a valid claim that the waiver of appellate rights is unenforceable, such as . . . when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases[.]"). There is no mention of Petitioner's ethnicity, race, or any potential bias in his plea allocution. Petitioner's argument here is, again, an argument based on a retroactive application of *Taylor*, which the Court addresses in sections III.A. and B., *supra*.

## IV.  Conclusion

For the foregoing reasons, Petitioner's Section 2255 petition should be denied. Furthermore, because Petitioner has not made a substantial showing of the denial of a

constitutional right, as required by 28 U.S.C. § 2253(c)(2), a certificate of appealability should not be issued.

V.  **Objections**

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have **fourteen (14)** days (including weekends and holidays) from receipt of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (allowing three (3) additional days for service by mail). A party may respond to any objections within **fourteen (14)** days of being served. Such objections, and any responses to objections, shall be addressed to the Hon. Jed S. Rakoff and filed with the Clerk of Court, *Pro Se* Intake Unit, United States Courthouse, 500 Pearl Street, Room 200, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Rakoff. If Petitioner wishes to review, but does not have access to, cases cited herein that are reported on Westlaw, he should request copies from the Government. *See Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009).

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS <u>WILL</u> RESULT IN A WAIVER OF OBJECTIONS AND <u>WILL</u> PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir. 1983).

The Clerk is directed to mail a copy of this Report and Recommendation to Petitioner.

Respectfully submitted,

Dated: August 23, 2024
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge